UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY LEN JUSTICE,<br>    Plaintiff,<br><br>   vs.<br><br>RICK STALLINGS, DENT COUNTY<br>COMMISSION and GEORGE BALL,<br><br>    Defendants. | Case No. 4:11CV1045 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 8]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted. Plaintiff will be given leave to amend his Complaint.

### **Factual Background**

Plaintiff brought this action in the Circuit Court of Dent County, Missouri apparently seeking recovery under 42 U.S.C. 1983 for an alleged unlawful arrest, confinement and prosecution. Plaintiff alleges that Defendants deprived him of his constitutional rights through their actions when he was arrested on June 12, 2010.

Defendants removed the matter on June 9, 2011 pursuant to 28 U.S.C. § 1441 and 1446. The removal is based on the Court's original jurisdiction over this matter, as it alleges violations of Plaintiff's constitutional rights, and the Court's

supplemental jurisdiction over Plaintiff's state law claims.  Defendants now move to dismiss the claims for failure to state a claim.

## Discussion

### Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).   The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009).  While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949.  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub.*

*Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    Defendant initially argues that there are absolutely no facts alleged in the Complaint against Defendants Dent County Commission and Stallings. Obviously, the Complaint as to these defendants does not satisfy the *Twombly* standard.  The claims against these defendants are more than insufficient; they are nonexistent.

    With respect to Defendant Ball, the only allegation stated in the Complaint is that Defendant Ball "falsely arrested Plaintiff without a warrant and held him for

twenty four hours." These general allegations fail miserable in light of the Rule 12(b)(6) standard. Plaintiff fails to allege even the basic elements of a Section 1983 claim: that Defendant Ball was acting under color of state law; that Defendant Ball individually engaged in actions that deprived Plaintiff of his constitutional rights; and that Defendants acted in concert with each other to state a civil rights conspiracy. Merely claiming that rights were violated and that a conspiracy existed does not satisfy the pleading standards established by the *Twombly* Court.

Since the Court concludes that the current Complaint fails to state a cause of action under Section 1983, the Court will not, at this time exercise its supplemental jurisdiction over the state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 725-26 (1966).

## **Conclusion**

Plaintiff's Complaint contains no allegations against Defendants Stallings and Dent County Commission. It therefore fails to state a claim against these Defendants. With respect to Defendant Ball, Plaintiff merely sets out general conclusions and fails to allege the essential elements of a claim under 42 U.S.C. § 1983.

The Court will allow Plaintiff to file an amended Complaint to cure the defects of his original Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 8], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 28th day of March, 2012.

                    HENRY EDWARD AUTREY
                UNITED STATES DISTRICT JUDGE