UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY LENN JUSTICE,   ) | |
| ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 4:11CV1045 HEA |
| ) | |
| GEORGE BALL, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Rick Stallings, Dent County Commission and George Ball's Motion for Judgment on the Pleadings, [Doc. No. 29]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff brought this action in the Circuit Court of Dent County, Missouri apparently seeking recovery under 42 U.S.C. 1983 for an alleged unlawful arrest, confinement and prosecution. Plaintiff alleges that Defendants deprived him of his constitutional rights through their actions when he was arrested on June 12, 2010.

Defendants removed the matter on June 9, 2011 pursuant to 28 U.S.C. § 1441 and 1446. The removal is based on the Court's original jurisdiction over this

matter, as it alleges violations of Plaintiff's constitutional rights, and the Court's supplemental jurisdiction over Plaintiff's state law claims.

On March 28, 2012, the Court granted Defendants' Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court found that Plaintiff's Complaint failed to state a claim.  The Court found the allegations of the Complaint deficient in that Plaintiff failed to allege any facts with respect to Defendants Dent County Commission and Stallings.  The Court further found that as to Defendant Ball, Plaintiff's sole allegation was that he "falsely arrested Plaintiff without a warrant and held him for twenty four hours."  This general allegation was insufficient to state a Section 1983 claim against Defendant Ball.  The Court allowed Plaintiff to file an amended complaint.

On April 24, 2012, Plaintiff filed a "Motion Amending Original Complaint" and on May 9, 2012, Plaintiff filed an "Addendum to Amended Complaint." Defendants now move for judgment on the pleadings, claiming that Plaintiff's Amended Complaint and the Addendum thereto fail to make any factual allegations against any of the Defendants.

**Standard for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure establishes that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for

judgment on the pleadings." "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir.2002) (citing *United States v. Any & All Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir.2000)). When presented with a motion for judgment on the pleadings, a district court must " 'accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.' " *Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir.2006)). As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Ginsburg v. InBev NV/SA,* 623 F.3d 1229, 1233 n. 3 (8th Cir.2010); *accord Gallagher v. City of Clayton,* 699 F.3d 1013,1016 -1017 (8th Cir. 2012). Thus,

> "To survive a motion to dismiss [or a motion for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.,* 207

F.3d 458, 462 (8th Cir.2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Gallagher,* 699 F.3d 1016 (8th Cir. 2012). Furthermore, dismissal under Rule 12(b)(6)-and, hence, judgment pursuant to Rule 12(c)—is appropriate when a claim or action is fatally flawed in its legal premises. *See Stringer v. St. James R–1 Sch. Dist.,* 446 F.3d 799, 802 (8th Cir.2006) (citing *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001)).

### Discussion

Plaintiff's allegations fail to satisfy even the liberal pleading standard required to state a claim. None of the allegations in Plaintiff's Complaint give rise to a plausible Section 1983 claim.

To prevail under §1983, plaintiff must show that defendants 1) acted under the color of state law; and 2) that the alleged wrongful conduct deprived plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa, et. al.*, 557 F.3d 564. 571 (8th Cir. 2009); *DuBose v. Kelly*, 187 F.3d 999, 1001 (8th Cir. 1999). Plaintiff has failed to allege facts sufficient to establish that the Defendants deprived him of any constitutionally protected right. Nowhere within the Amended Complaint or its Addendum, does Plaintiff state which constitutional right he claims any of the Defendants violated.

## Conclusion

Plaintiff's Complaint fails to state any plausible claim against Defendant. The facts set forth in the Complaint fail to assert a claim for any depravation of any constitutional rights. As such, Defendant is entitled to judgment as a matter of law pursuant to Rule 12(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings is granted.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Defendant and against Plaintiff.

A separate judgment is entered this same date.

Dated this 13th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE